No. DA 06-0614

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 156N

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

JOHN RUNNINGFISHER,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 2005-337,
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Public Defender, Roberta R. Zenker,
Assistant Public Defender, Helena, Montana

        For Respondent:

            Hon. Mike McGrath, Montana Attorney General, Sheri K. Sprigg,
Assistant Attorney General, Helena, Montana

            Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  May 31, 2007

Decided:    June 26, 2007

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, the Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     John Runningfisher ("Runningfisher") appeals from an order of the District Court for the Eighth Judicial District, Cascade County, denying his Motion for a New Trial. Runningfisher contends that the court erred when it determined that the evidence presented at trial supported the conclusion that the jury could have found, beyond a reasonable doubt, that Runningfisher possessed dangerous drugs.

¶3     This case arose out of an incident which occurred on June 17, 2005, in Great Falls, Montana.  Runningfisher visited the backyard of a residence that police officers were surveilling because it was the residence of a wanted fugitive.  Runningfisher left the yard and rode away on a bicycle.  As he passed another yard, which belonged to Gregory Pierce ("Pierce"), he stopped, put his foot down, and stumbled to avoid Pierce's dog. Pierce, who was training his dog, asked if Runningfisher was okay and Runningfisher replied that he was.  The police officers detained Runningfisher shortly thereafter at that location. Pierce then yelled out that Runningfisher had dropped his keys.  Runningfisher denied that the keys were his.  The officers inspected the keys and found a small vial attached to the key ring.   Test results indicated that the vial contained methamphetamines.

¶4 On April 24, 2006, the jury returned a guilty verdict against Runningfisher on charges of Criminal Possession of Dangerous Drugs, § 45-9-102, MCA, and Criminal Possession of Drug Paraphernalia, § 45-10-103, MCA. Runningfisher based his motion for a new trial on the ground that insufficient evidence was presented at trial to find him guilty beyond a reasonable doubt of constructive possession of the key ring. The District Court denied his motion and on August 11, 2006, the court sentenced Runningfisher to a three-year deferred sentence on the conviction for Criminal Possession of Dangerous Drugs and a six-month deferred sentence on the conviction for Criminal Possession of Drug Paraphernalia.

¶5 On appeal, Runningfisher argues that the State produced insufficient evidence at trial for a rational trier of fact to find, beyond a reasonable doubt, that he possessed dangerous drugs. Runningfisher argues that he did not have dominion or control over the keys to which the drugs were attached. Runningfisher contends that the police officers never observed him in possession of the keys and that the police officers did not check the keys for fingerprints. Lastly, Runningfisher maintains that the police officers concluded that the keys belonged to Runningfisher solely on the basis of Pierce's assumption that the keys belonged to Runningfisher.

¶6 In response, the State contends that although Pierce testified that he did not see Runningfisher in possession of the keys and did not hear or see the keys fall onto his lawn, Pierce was sure that the keys had been in Runningfisher's possession. Pierce testified that he had just mowed and cleaned his lawn that afternoon. He and his children had been playing in the yard with their dog and the keys were not there before

3

Runningfisher rode by. Pierce further testified that no one else had passed by the yard besides Runningfisher. Lastly, Pierce testified that he found the keys on the lawn right next to a fresh footprint in the newly mown grass where Runningfisher had put his foot down to steady himself and avoid Pierce's dog. The State asserts that, based on Pierce's testimony and the other evidence presented at trial, the jury found that the most reasonable interpretation was that Runningfisher possessed the key ring and then dropped it on Pierce's property. Therefore, according to the State, when viewing all of the evidence in the light most favorable to the prosecution, a rational trier of fact could have found, beyond a reasonable doubt, that Runningfisher was in possession of the drugs and drug paraphernalia attached to the key ring.

¶7 We review the sufficiency of the evidence to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Shields*, 2005 MT 249, ¶ 14, 328 Mont. 509, ¶ 14, 122 P.3d 421, ¶ 14 (citing *State v. Stevens*, 2002 MT 181, ¶ 23, 311 Mont. 52, ¶ 23, 53 P.3d 356, ¶ 23). Further, "[i]n cases where we consider the sufficiency of the evidence, we will not substitute our judgment for that of the jury, which is able to view firsthand the evidence presented, observe the demeanor of the witnesses, and weigh the credibility of each party." *Shields*, ¶ 20 (citing *State v. Azure*, 2002 MT 22, ¶ 48, 308 Mont. 201, ¶ 48, 41 P.3d 899, ¶ 48). A review of the record leads us to conclude that the jury could have found Runningfisher guilty beyond a reasonable doubt of criminal possession of dangerous drugs and criminal

4

possession of drug paraphernalia and that the District Court correctly denied his motion for a new trial.

¶8 Therefore, having reviewed the record in this matter, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because, in viewing the evidence in the light most favorable to the prosecution, we determine that there was sufficient evidence from which the jury could conclude that Runningfisher constructively possessed the drugs and drug paraphernalia. Additionally, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶9 Accordingly, the judgment of the District Court is affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE